NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL RAMIRO-MEDINA,

Defendant-Appellant.

No.    19-50382

D.C. No.
3:19-cr-02028-GPC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted August 6, 2021
Pasadena, California

Before:  PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

Rafael Ramiro-Medina appeals his conviction for four counts of transporting

undocumented immigrants and aiding and abetting in violation of 8 U.S.C. §

1324(a)(1)(A)(ii), (v)(II).  The only issue on appeal is the district court's denial of

a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), to the government's

peremptory strike of a Hispanic woman, Juror Caudillo.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291, and we affirm.

"We generally review a district court's *Batson* determination for clear error because of the intrinsically factual nature of the claim. However, where the district court applies the wrong legal standard, we review the claim de novo." *United States v. Collins*, 551 F.3d 914, 919 (9th Cir. 2009) (citation omitted). Because Ramiro-Medina argues that the district court did not comply with the *Batson* framework, we review de novo.

*Batson* established a three-step, burden-shifting framework to determine whether an attorney engaged in purposeful discrimination when exercising peremptory strikes. *See id.* First, "the defendant must make a prima facie showing that the challenge was based on an impermissible ground, such as race." *Id.* (citing *Batson*, 476 U.S. at 96). "Second, if the trial court finds the defendant has made a prima facie case of discrimination, the burden then shifts to the prosecution to offer a race-neutral reason for the challenge that relates to the case." *Id.* (quoting *Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008)). "Third, if the prosecutor offers a race-neutral explanation, the trial court must decide whether the defendant has proved the prosecutor's motive for the strike was purposeful racial discrimination." *Id.* (quoting *Green*, 532 F.3d at 1030).

Ramiro-Medina argues that the district court misapplied the first step of the *Batson* analysis. Any error at step one, however, is moot if there is no error at

2

steps two and three. *See Hernandez v. New York*, 500 U.S. 352, 359 (1991).

The district court did not misapply step two of the *Batson* inquiry. The government had unsuccessfully sought to strike Juror Caudillo for cause, explaining that she had expressed concern about remaining impartial due to her views of the federal government's family separation policy.[1] Moments later, after Ramiro-Medina's *Batson* objection, the district court noted the government's previously provided race-neutral reason for seeking to strike Juror Caudillo, and the government implicitly adopted this reason at step two during a supplemental *Batson* hearing.

The district court, however, arguably misapplied step three of the *Batson* analysis by not expressly determining whether purposeful discrimination occurred. Although the district court noted that "there was a basis to challenge Ms. Caudillo in good faith" and that the government had "offered [that basis] in good faith," step three of the *Batson* analysis requires a court to "undertake a sensitive inquiry" into the available "circumstantial and direct evidence of intent." *Batson*, 476 U.S. at 93 (internal quotation marks and citation omitted); *see also United States v. Alanis*, 335 F.3d 965, 969 (9th Cir. 2003) ("It is not enough that the district court

_____

[1] After the government's for cause challenge, the district court noted that it was "satisfied that [Juror Caudillo] is prepared to compartmentalize and set aside these experiences or this knowledge that she referenced," and declined to remove her for cause.

considered the government's [race]-neutral explanations 'plausible.' Instead, it is necessary that the district court make a deliberate decision whether purposeful discrimination occurred.").

But even if the district court so erred, because the record is adequately developed, we can review de novo the third step of the *Batson* analysis without remanding for a factual hearing. *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565–66 (9th Cir. 2015). We conclude that Ramiro-Medina has not established that purposeful racial discrimination occurred. The government had legitimate concerns about whether Juror Caudillo could be impartial, given the nature of the charges against Ramiro-Medina. There is no evidence that the government failed to strike non-Hispanic jurors who shared similar concerns. And the seated jury included at least two Hispanic jurors.

Because the government offered a race-neutral reason for the peremptory challenge and we conclude that the government did not engage in purposeful discrimination, any error at step one is moot. *See Hernandez*, 500 U.S. at 359.

**AFFIRMED.**